COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


PHILIP ALAN CARTWRIGHT
                                           MEMORANDUM OPINION[*]
v.    Record No. 2059-97-3                      PER CURIAM
                                            FEBRUARY 3, 1998
THE CITY OF COVINGTON AND VIRGINIA
 MUTUAL GROUP SELF INSURANCE PROGRAM


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (William A. Parks, Jr.; Parks & Vaught, on
                brief), for appellant.

                (Richard D. Lucas; Carter, Brown & Osborne,
                on brief), for appellees.


        Philip Alan Cartwright (claimant) contends that the Workers'
Compensation Commission erred in finding that the medical
treatment rendered to him by Dr. Preston A. Waldrop, an
orthopedic surgeon, was not causally related to his compensable
May 5, 1993 injury by accident.  Upon reviewing the record and
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the commission's
decision.  See Rule 5A:27.

        On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Unless we can say as a matter of law that claimant's evidence
sustained his burden of proof, the commission's findings are

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

binding and conclusive upon us.  See Tomko v. Michael's

Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant's evidence failed to sustain his

burden of proof, the commission found as follows:

> The medical record makes it clear that the claimant suffered from preexisting degenerative cervical disc disease and left shoulder bursitis.  It is true that an employer takes an employee as it finds them and is responsible for accident-related aggravations of preexisting medical conditions.  However, . . . [i]n this case, it is clear that the claimant will have intermittent "flare-ups" and aggravations of his preexisting conditions as a result of the general activities of his employment and other daily life activities.  This does not make the employer responsible for every flare-up.
>
> The claimant's preexisting left shoulder condition was aggravated by the compensable accident.  He sought medical treatment for his left shoulder shortly after the alleged accident and this treatment continued.  The claimant did not specifically seek medical treatment for his degenerative cervical disc disease until almost one year after the compensable accident, at which time he, himself, related it to the accident.  The medical evidence does not adequately establish such a causal relationship between the compensable accident and the continuing medical treatment for the degenerative cervical disc disease.  The medical records support the Deputy Commissioner's finding to the contrary.  Dr. Waldrop, in his report of October 11, 1996, stated that he had been treating the claimant for the same problems since he initially saw him in March 1993, which was before the compensable accident.

The commission's findings are amply supported by Dr.

Waldrop's medical records.  Based upon Dr. Waldrop's medical

records and the lack of any recorded complaints of neck symptoms

2

until one year after the compensable accident, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

Accordingly, we affirm the commission's decision.

<u>Affirmed</u>.